FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 23, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARA J.,<br><br>               Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>               Defendant. | No. 2:18-cv-00322-SMJ<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court, without oral argument, are the parties' cross-motions for summary judgment, ECF Nos. 11, 12. Plaintiff Sara J. appeals the Administrative Law Judge's (ALJ) denial of her application Supplemental Security Income (SSI) and Disability Insurance (DI) benefits. Plaintiff alleges the ALJ (1) improperly discounted Plaintiff's symptom testimony and (2) improperly discounted or dismissed medical opinions. ECF No. 11. The Commissioner of Social Security ("Commissioner") asks the Court to affirm the ALJ's decision. ECF No. 12.

Upon reviewing the administrative record, the parties' briefs, and the relevant authority, the Court is fully informed. For the reasons set forth below, the Court finds the ALJ committed reversible errors. Although these errors invalidated the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 1

ALJ's conclusion that Plaintiff did not qualify for benefits, Plaintiff's entitlement is not clear from the face of the record. Accordingly, the Court grants Plaintiff's motion for summary judgment, denies the Commissioner's motion for summary judgment, and remands for further proceedings.

## BACKGROUND[1]

Plaintiff applied for SSI benefits on November 11, 2015 and applied for DI benefits on November 29, 2015. AR 166–78.[2] The Commissioner denied Plaintiff's application on July 1, 2016, see AR 99–102, and denied it again on reconsideration, see AR 106–08. At Plaintiff's request, a hearing was held before ALJ Jesse Shumway. AR 36–69. The ALJ denied Plaintiff benefits on January 3, 2018. AR 12–31. The Appeals Council denied Plaintiff's request for review on August 17, 2018. AR 1–6. Plaintiff then appealed to this Court under 42 U.S.C. §§ 405(g), 1383(c)(3). ECF No. 1.

## DISABILITY DETERMINATION

A "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to

---

[1] The facts, thoroughly stated in the record and the parties' briefs, are only briefly summarized here.

[2] References to the administrative record (AR), ECF No. 8, are to the provided page numbers to avoid confusion.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 2

last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The decision-maker uses a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

Step one assesses whether the claimant is engaged in substantial gainful activities. If he is, benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is not, the decision-maker proceeds to step two.

Step two assesses whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not, the disability claim is denied. If the claimant does, the evaluation proceeds to the third step.

Step three compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404 Subpt. P App. 1, 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment does not, the evaluation proceeds to the fourth step.

Step four assesses whether the impairment prevents the claimant from performing work he has performed in the past by examining the claimant's residual functional capacity, or RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant

is able to perform his previous work, he is not disabled. If the claimant cannot perform this work, the evaluation proceeds to the fifth step.

Step five, the final step, assesses whether the claimant can perform other work in the national economy in view of his age, education, and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Bowen v. Yuckert*, 482 U.S. 137 (1987). If the claimant can, the disability claim is denied. If the claimant cannot, the disability claim is granted.

The burden of proof shifts during this sequential disability analysis. The claimant has the initial burden of establishing a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The burden then shifts to the Commissioner to show (1) the claimant can perform other substantial gainful activity, and (2) that a "significant number of jobs exist in the national economy," which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). A claimant is disabled only if his impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experiences, engage in any other substantial gainful employment that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

**ALJ FINDINGS**

At step one, the ALJ found Plaintiff had not engaged in substantial gainful

activity since the application date. AR 17.

At step two, the ALJ found that Plaintiff had five medically determinable severe impairments: obesity, diabetes mellitus, panic disorder with agoraphobia, generalized anxiety disorder, and major depressive disorder. *Id.*

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. *Id.* at 19.

At step four, the ALJ found that Plaintiff had an RFC sufficient to perform medium work as defined in 20 C.F.R. §§ 404.1567(c), 416.967(c) with the following limitations: "[Plaintiff] cannot have concentrated exposure to hazards such as unprotected heights and moving mechanical parts; she requires a routine, predictable work environment in which changes are no more than occasional and [Plaintiff] makes no more than simple decisions and is not required to multitask; she can have only occasional contact with the public, supervisors, and coworkers; she is precluded from collaborative tasks; she is precluded from exposure to crowds; and she may need an average of one unscheduled break per day of ten to fifteen minutes in duration, in addition to normal breaks." AR 20–21.

In reaching this determination, the ALJ gave great weight to the opinions of the medical expert who testified at the hearing, Dr. Donna Veraldi, Ph.D., and state agency medical consultant Howard Platter, M.D. AR 22–23. The ALJ gave little

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 5

weight to the opinions of Dr. Kayleen Islam-Zwart, Ph.D., who evaluated Plaintiff, and state agency psychological consultants John D. Gilbert, Ph.D., and Renee Eisenhauer, Ph.D. *Id.* at 23–24. The ALJ gave no weight to the physical functional capacity opinion given by single decision maker James Mercer. *Id.* at 23.

At step five, the ALJ found Plaintiff had no past relevant work but that Plaintiff could perform other jobs existing in the national economy including small fish cleaner, cook helper, or kitchen helper. *Id.* at 24–25.

## STANDARD OF REVIEW

The Court must uphold an ALJ's determination that a claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record, considered as a whole, to support the ALJ's decision. *Molina v. Astrue,* 674 F.3d 1104, 1110 (9th Cir. 2012) (citing *Stone v. Heckler*, 761 F.2d 530, 531 (9th Cir. 1985)). "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 1110 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). This must be more than a mere scintilla but may be less than a preponderance. *Id.* at 1110–11 (citation omitted). If the evidence supports more than one rational interpretation, the Court must uphold an ALJ's decision if it is supported by inferences reasonably drawn from the record. *Id.*; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). The Court will not reverse an ALJ's decision if the errors

committed by the ALJ were harmless. *Molina*, 674 F.3d at 1111 (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

# ANALYSIS

## A. The ALJ erred in discounting Plaintiff's subjective symptom testimony

Plaintiff assigns error to the ALJ's decision to discount Plaintiff's own subjective symptom testimony. ECF No. 11 at 16–19. The Commissioner contends the ALJ properly discounted Plaintiff's symptom testimony because it was inconsistent with the treatment record, including Plaintiff's reports to her treating providers, and were undermined by her activities. ECF No. 12 at 2–4.

Where a claimant presents objective medical evidence of impairments that could reasonably produce the symptoms complained of, an ALJ may reject the claimant's testimony about the severity of his symptoms only for "specific, clear and convincing reasons." *Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014). The ALJ's findings must be sufficient "to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). General findings are insufficient. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

In evaluating the claimant's credibility, the "ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors." *Bray*, 554 F.3d at 1227. The Court may not second guess the ALJ's credibility findings that are supported by substantial evidence. *Tommasetti*, 533 F.3d at 1039. However, inconsistent reports of positive mental health symptoms outside the context of treatment, remission, or overall improvement will not independently support an ALJ's decision to reject a claimant's testimony as to their mental health symptoms. *See Garrison v. Colvin*, 759 F.3d 995, 1018 (9th Cir. 2014) (finding ALJ erred by "improperly singl[ing] out a few episodes of temporary well-being from a sustained period of impairment").

The ALJ found Plaintiff's testimony that she has daily panic attacks inconsistent with the treatment record. AR 21–22. The ALJ cited to multiple treatment records illustrating, in the ALJ's view, that Plaintiff's panic attacks are "much less frequent and severe than alleged." AR 22. However, a review of these records does not support the ALJ's conclusion. For example, the ALJ said Plaintiff reported panic attacks three times per week in October 2015. AR 22. Only one of the records on which the ALJ relied, in which Plaintiff reported "a few panic attacks over the week," supports this finding; another record the ALJ cited, in fact, indicates Plaintiff's panic attacks had increased from three per week to daily. AR 290, 346.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 8

The ALJ also noted that Plaintiff reported that the prescription medication Paxil was extremely effective in controlling her panic attacks. AR 22. However, the record cited by the ALJ in support of this was from 2007, long before Plaintiff's application date. AR 962–63. Further, this record is not inconsistent with Plaintiff's testimony. Rather, it is consistent with her statement that Paxil helped her panic disorder, which had been ongoing for ten years, for the first five years. AR 60. Plaintiff went on to testify that after those five years, Paxil stopped being effective. *Id.* The ALJ also stated Plaintiff "denied any panic attacks on occasion" and cites to a record from 2011 in support. AR 22. This record is again from a period well before the application date, presumably before Plaintiff's panic attacks became debilitating and possibly during the five-year period in which she indicated her panic disorder was managed with Paxil. *See* AR 60.

Further, to the extent the ALJ accurately noted periods during which Plaintiff experienced fewer panic attacks, these are exactly the type of inconsistent reports of positive mental health symptoms that should not be considered outside of the context of treatment, remission, or overall improvement. *See Garrison*, 759 F.3d at 1018. The ALJ noted that in December 2015, Plaintiff reported "lessening daytime and nighttime panic attacks," AR 22, but this record indicated a one-week decrease from "nightly panic attacks" during which, despite high stress, "she is not panicking," AR 336. The ALJ next cited a record from over a year later indicating

Plaintiff had gone "one week without panic attacks." AR 22. The ALJ then cited a record from a year and a half later indicating Plaintiff had gone one month with a single large panic attack and a few minor attacks. AR 22.

Taken outside of the context of overall treatment, it is impossible to know whether these records merely reflect temporary periods of improvement rather than, as the ALJ asserts, that Plaintiff's attacks are "much less frequent and severe than alleged." AR 22. Indeed, the record also contains consistent and recent reports of frequent panic attacks that did not respond to medication. *See, e.g.*, AR 1002 (reporting "having panic attacks 3–4 attacks a day for the last 5 days" in February 2017 and that the attacks did not respond to medication).

The ALJ also discounted Plaintiff's symptom testimony because her level of daily activity was "minimally limited" and "cannot be reconciled with the considerable severity alleged." AR 22. The ALJ pointed to Plaintiff's ability to engage in independent self-care, preparing meals for herself and her mother, caring for a pet, and doing household chores. *Id.* However, these basic daily living activities are neither a "robust level of daily activities," as the ALJ characterized them, nor are they incompatible with Plaintiff's claimed disability.

As the Ninth Circuit has observed, ALJs are often too quick to conclude that a claimant's ability to sustain the minimal requirements of daily living precludes the claimant from being unable to obtain gainful employment. *Garrison*, 759 F.3d

at 1016 ("[I]mpairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day."); *see also Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012) ("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . , and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases." (citations omitted)).

Finally, the ALJ briefly stated, without citation, that Plaintiff's mental status exams are "generally normal" and that her "psychological state is almost always described as normal." AR 22. However, it is not clear how normal mental status exams are incompatible with severe panic disorder, and the ALJ offered no justification for that conclusion.[3] On remand, the ALJ shall reevaluate the determination that Plaintiff's subjective symptom testimony was not supported by the record in light of the Court's conclusions.

---

[3] The Court suspects the ALJ may have been implying that, if Plaintiff's panic attacks were as frequent as alleged, she necessarily would have had an attack during a medical or psychiatric appointment. However, without more explanation, this cannot be a specific, clear, and convincing reason to reject Plaintiff's symptom testimony. *See Burrell*, 775 F.3d at 1137.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 11

**B. The ALJ erred in discounting the opinions of Dr. Islam-Zwart**

Plaintiff argues the ALJ erred by giving little weight to the opinion of Dr. Kayleen Islam-Zwart, Ph.D., who evaluated Plaintiff on two occasions. ECF No. 11 at 19. The Commissioner argues the ALJ reasonably weighed Dr. Islam-Zwart's opinions. ECF No. 12 at 5.

For SSI appeal purposes, there are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (non-examining physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201–02 (9th Cir. 2001). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a non-examining physician's. *Id.* at 1202. "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d 821, 830–31).

An ALJ may discount an opinion if it is "based 'to a large extent' on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (quoting *Tommasetti*, 533 F.3d at 1041 (9th Cir. 2008)). However, "the rule allowing an ALJ

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 12

to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). Psychiatric evaluations "will always depend in part on the patient's self-report" because "unlike a broken arm, a mind cannot be x-rayed." *Id.* at 1049 (internal quotation marks omitted) (quoting *Poulin v. Bowen*, 817 F.2d 865, 873 (D.C. Cir. 1987)).

Dr. Islam-Zwart's opinions were contradicted by the medical expert who testified at the hearing, Dr. Donna Veraldi, Ph.D. AR 22–23. As such, the ALJ was required to give specific and legitimate reasons that were supported by substantial evidence to discount Dr. Islam-Zwart's opinions. *Bayliss*, 427 F.3d at 1216. In rejecting Dr. Islam-Zwart's opinions, the ALJ stated that the results of Dr. Islam-Zwart's mental status examination of Plaintiff were normal. AR 23. The ALJ went on to state, "Dr. Islam-Zwart's opinion of significant functional limitation necessarily must have been based on the claimant's subjective allegations, rather than observational or objective medical evidence" and that "Dr. Islam-Zwart did not offer explanation regarding the significant chasm between her evaluation findings and the conclusions she made." *Id.*

Contrary to the latter assertion, Dr. Islam-Zwart's opinions clearly indicate that her findings were largely based on Plaintiff's self-reports. *See* AR 286, 1116 (indicating no records were reviewed because none were available); AR 286–89,

1116–19 (referring to attached narrative); AR 290–93, 1120–23 (reflecting evaluation was largely based on Plaintiff's self-reports). As set out above, an ALJ may discount a physician's opinion based largely on the claimant's self-reports where the ALJ finds the claimant was not credible. *Ghanim*, 763 F.3d at 1162. However, here that is limited by the nature of Plaintiff's panic disorder, the diagnosis of which is necessarily based on self-reports. *Buck*, 869 F.3d at 1049 (9th Cir. 2017). Moreover, because the ALJ erred in discounting Plaintiff's subjective symptom testimony, this is not a specific and legitimate reason nor is it supported by substantial evidence. As such, the ALJ erred in discounting Dr. Islam-Zwart's opinion and shall reevaluate that opinion's weight on remand.

**C.     Remand, rather than an award of benefits, is appropriate**

In light of the errors identified above, further proceedings are clearly necessary. Though there is certainly substantial evidence to support Plaintiff's entitlement to benefits, that conclusion is not "clear from the record." *Garrison*, 759 F.3d at 1019. Accordingly, the Court remands this matter to the ALJ for further proceedings consistent with this Order, rather than simply awarding benefits.

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED**:

1.     Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **GRANTED**.

2. The Commissioner's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.

3. The Clerk's Office shall **ENTER JUDGMENT** in favor of **PLAINTIFF** and thereafter **CLOSE** the file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 23rd day of March 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge